IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 24, 2006

**STATE OF TENNESSEE v. M.L.**

**Appeal from the Circuit Court for Marion County**
**No. 7309     Buddy D. Perry, Judge**

---

**No. M2005-01733-COA-R3-JV - Filed on June 20, 2006**

---

This is an appeal by a minor from a decision of the Circuit Court for Marion County declaring him a delinquent based upon a finding he was guilty of aggravated arson. The sole issue on appeal concerns the sufficiency of the evidence. Because the evidence is sufficient to support the finding of guilt of aggravated arson beyond a reasonable doubt, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which and WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Philip A. Condra, District Public Defender; and Charles Doug Curtis, Assistant Public Defender, for the appellant, M.L.

Paul G. Summers, Attorney General and Reporter; and Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 7, 2004, M.L.[1], a minor, visited the home of Karen Jordan in South Pittsburg, Tennessee. The minor was looking for Mrs. Jordan's fifteen-year-old son. Mrs. Jordan informed the minor that her son was not at home. She also told the minor that someone informed her that the minor "had been looking in people's windows and trying to open their doors." Mrs. Jordan told the minor that he would "get hurt doing something like that." According to Mrs. Jordan, the minor became angry and walked away.

When the minor left, Mrs. Jordan got into the shower. As she was getting out of the shower, she heard something that sounded like a "gunshot or firecracker." After hearing screams that the house was on fire, Mrs. Jordan threw on a bathrobe and ran outside. By the time Mrs. Jordan got

---

[1]This court typically does not identify minors in opinions.

outside, her daughter and daughter's fiancé had extinguished a fire on the side of the house with the garden hose. Mrs. Jordan could smell gasoline around the fire and saw a burnt soda bottle lying near the fire.

Officer Steve Ogden of the South Pittsburg Police Department responded to the fire at Mrs. Jordan's home. Officer Ogden observed the burnt soda bottle and felt that it "had fuel in it at one time" and it "smelled like gasoline." Officer Ogden spoke with the minor later that evening and noticed that the minor's hands "had been freshly washed with soap and had a mixture of soap and gas smell."

On November 18, 2004, a petition was filed in Marion County Juvenile Court alleging that the minor was guilty of aggravated arson because he "got 20 cents in gas and went to Karen Jordan's house and tried to burn the house down. . . . [S]everal people . . . heard [the minor] say he was going to burn the house down." After a hearing in juvenile court, the minor was adjudged delinquent based upon a finding of guilt of aggravated arson from which the minor appeals.

The Circuit Court conducted a *de novo* hearing wherein Mrs. Jordan, Officer Ogden, Officer Dale Winters and Laura Sullivan testified. The testimony of Officer Ogden, Officer Winters and Mrs. Jordon was substantially similar to that stated above. Laura Sullivan additionally testified. She explained she saw the minor the evening of the fire at the Golden Gallon gas station, which is located approximately one-and-a-half blocks from Mrs. Jordan's house. Ms. Sullivan elaborated by explaining she had observed the minor with another boy who was paying for twenty cents worth of gasoline.

Following the *de novo* hearing, the circuit court made the following findings and ruling:

All right, I'm going to find that the young man was guilty, but I want to make a finding of fact for the record and explain my ruling. In that case the State established motive and opportunity regarding the arson situation. The only thing the State didn't supply to me was an eye witness of the young man doing it. The State was able to supply that the young man had a motive, because he had a conflict with the lady that owned the house, said 30 minutes before the arson occurred, within a 30 minute time period the lady was in the bathroom a bottle of gas is thrown against her house and it occurred that it was near the area where she was taking a shower. The young man that was accused of the event was [placed] at the gas station where 20 cents worth of gas was bought. The testimony was that he didn't purchase it directly, that he sent another child in - - the facts don't establish that he sent the child in, but the facts put him at the gas station and another child paid for the gas. The [facts] also put gasoline on his hands, the smell of gasoline on his hands a short time after the event occurred. The issue is, is he guilty beyond a reasonable doubt, I think that circumstantial case makes a case beyond a reasonable doubt . . . .

The minor filed a timely notice of appeal to the Court of Criminal Appeals. On May 17, 2006, the Court of Criminal Appeals transferred the matter to this court pursuant to Tenn. R. App. P. 17 and Tenn. Code Ann. § 37-1-159.

## ANALYSIS

The sole issue on appeal is the sufficiency of the evidence. The minor contends "the evidence contained in this record is insufficient as a matter of law" to support the judgment. Specifically, he contends the judgment is erroneous because it is based solely on circumstantial evidence. The State responds that the evidence is sufficient to support the finding of guilt.

Minors in delinquency proceedings are entitled to many of the same rights that an adult criminal defendant would be entitled to in a criminal proceeding, including the right to have their guilt established beyond a reasonable doubt. Tenn. Code Ann. § 37-1-126 and 127; *In re Winship*, 397 U.S. 358 (1970); *State v. Johnson*, 574 S .W.2d 739 (Tenn.1978); *In the Matter of J.A.F.,* 2005 WL 2104961 at *3, No. M2003-03047-COA-R3-CV (Tenn. Ct. App. Aug. 31, 2005). As in criminal proceedings, a finding of guilt in a delinquency proceeding may be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt. *State v. Pfeifer*, 993 S.W.2d 47, 51 (Tenn. Ct. App. 1998); *See* Tenn. R. App. P. 13(e).

Where the sufficiency of the evidence is challenged, the relevant question for the appellate court is whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Cazes*, 875 S.W.2d 253 (Tenn.1994); *State v. Pfeifer*, 993 S.W.2d at 51. A finding of guilt by the jury accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). In a bench trial, the verdict of the trial judge is entitled to the same weight on appeal as a jury verdict. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App.1999). Although the accused is originally cloaked with a presumption of innocence, the finding of guilt removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id*.

In determining the sufficiency of the evidence, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. The appellate courts are precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. It is well-settled that all questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not an appellate court. *State v. Morris*, 24 S.W.3d 788, 795 (Tenn. 2000).

A finding of guilt beyond a reasonable doubt may be based entirely on circumstantial evidence when the facts are "so clearly interwoven and connected that the finger of guilt is pointed unerringly at the defendant and the defendant alone." *State v. Smith*, 868 S.W.2d 561, 569 (Tenn. 1993) (quoting *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985)).  If the trier of fact can determine from the proof that all other reasonable theories except that of guilt are excluded, the evidence is sufficient. *Id*.

Aggravated arson is committed when the accused knowingly damages any structure by means of a fire without the consent of all persons who have a possessory, proprietary or security interest therein, and one or more persons are present in the structure.  Tenn. Code Ann. § 39-14-302(a)(1). Viewing the evidence in the light most favorable to the State, the evidence shows that the minor approached Mrs. Jordan's home on November 7, 2004, that he had a brief and unflattering verbal exchange with Mrs. Jordan, following which the minor became angry and walked away. Approximately thirty minutes thereafter, Mrs. Jordan heard screams indicating her house was on fire, whereupon she ran outside to see the side of her house had been burnt.  A partially burnt soda bottle was lying on the ground which smelled like gasoline.  The minor was seen at a nearby gas station with another child purchasing gasoline.  Officer Ogden conducted an investigation of the fire that evening. As part of his investigation, Officer Ogden met with the minor during which he noted the minor's hands had been freshly washed and that his hands smelled like a mixture of gasoline and soap.

As the Court of Criminal Appeals often remarks, we find the evidence in this record points the finger of guilt unerringly at the minor.  Moreover, and notwithstanding the fact the State's case is comprised of circumstantial evidence, we find the evidence sufficient to establish the minor's guilt and to affirm the judgment of the Circuit Court.

We therefore affirm the judgment of the Circuit Court in all respects and remand this matter with the costs taxed to the State of Tennessee.

_____
FRANK G. CLEMENT, JR., JUDGE

-4-